UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CR000074 RWS (AGF) |
| ) | |
| VISHAL SEHJPAL, ) | |
| ) | |
| Defendant. ) | |

## ORDER REGARDING DISCOVERY

This matter is before the Court on Defendant's Motion for Additional Discovery (Doc. No. 58), which was referred to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(b).

### Proceedings to Date

This case is now before the undersigned for the third time. Defendant initially filed a motion to suppress evidence and a motion to suppress statements (Doc. Nos. 12 & 13), and the government filed a motion to determine the admissibility of statements. (Doc. No. 3). Although clearly contemplated by the undersigned's Pretrial Order, no discovery motions were filed at that time.

Following the issuance of the undersigned's Report and Recommendation regarding the suppression issues, Defendant filed a motion for discovery pursuant to Fed. R. Crim. P. 16(a)(1)(E), requesting a "mirror image" of the hard drive of Defendant's computer to permit examination. (Doc. Nos. 30 & 31). Following a referral of the dispute by the District Judge, the undersigned held a hearing on Defendant's motion on

August 10, 2005.  At the hearing, Defendant asserted that experts at Vestige Digital Investigations ("Vestige"), including Greg Kelley, required a mirror image of the data in order to conduct a forensic review of the system to determine what was happening during the times the images appeared.  Defendant represented that Dean Boland – then designated as an expert witness and now designated as co-counsel – required a copy only of the images themselves, to determine whether they constituted a solid image of a person, rather than a composite.  Defendant requested that copies of the materials be provided to Defendant and his experts, for examination at their own offices.  The government objected to producing a copy of the files and images, on the ground that they are contraband, and offered to make the files and images available for both viewing and examination in a private office of the government.

Following the hearing, the parties agreed to the terms of a stipulated Protective Order governing the production and examination of the information, which was adopted by the Court.  (Doc. No. 43).  The Protective Order provided for the examination of the files and images at the offices of Immigration and Customs Enforcement ("ICE") in the same city where Defendant's experts are located.  Following the examination at ICE's offices, Defendant has now filed a motion for additional discovery, again seeking the production of copies of the files and images.  (Doc. No. 58).  The matter was again referred to the undersigned United States Magistrate Judge for disposition.

Discussion

As an initial matter, the Court notes that this is the exact same discovery dispute previously presented by Defendant. Following a hearing and subsequent negotiations, the parties reached a detailed agreement, which was reviewed and adopted by the Court. Upon careful review of motion, the Court finds that Defendant has not provided a sufficient basis for discarding that agreement.

The main basis for Defendant's motion appears to be his complaint that counsel Boland attempted to review the seized images, but was unable to do so because the images were provided using the Encase forensics software. The Court is puzzled by Defendant's assertion. The terms of the stipulated Protective Order plainly provided that he would be provided a copy of all of "the Encase image/evidence files." Even if he was then unprepared to make a proper examination, it is difficult to understand why Mr. Boland, who cannot now properly examine the images at ICE's offices in Ohio, was represented to be a computer expert.

Defendant further asserts that a copy is needed to examine such things as when the images were viewed and how and when they were downloaded. These are matters, however, which Defendant represented would be examined by Vestige and, as set forth in Defendant's own motion, Greg Kelly of Vestige was able to access the files and conducted his investigation. Defendant has not suggested what further investigation is needed by Vestige, nor suggested why Vestige cannot conduct any such further investigation at the ICE office.

Defendant also contends that "there are no contraband images in this case," asserting that the government must prove that the images depict actual minors. The Court finds, however, that the government made a sufficient showing for pretrial purposes. At the suppression hearing, the undersigned heard uncontroverted testimony that Defendant admitted, on at least two separate occasions, that he had child pornography both on his computer and on a CD. Indeed, the testimony was that Defendant acknowledged that the children on the materials he had could be as young as 10 or 11 years old. Moreover, the report of the government's expert, which Defendant filed as an attachment to his own motion, provides good cause to believe that a quite a few of the images are of actual persons. As such, a sufficient showing has been made that the images are contraband, within the meaning contemplated by the Eighth Circuit and other courts that have refused to compel the type of production Defendant now seeks. See United States v. Horn, 187 F.3d 781, 792 (8th Cir. 1999); United States v. Kimbrough, 69 F.3d 723, 731 (5th Cir. 1995); United States v. Husband, 246 F. Supp. 2d 467, 469 (E.D. Va. 2003); United States v. Cox, 190 F. Supp. 2d 330, 334 (N.D.N.Y. 2002).

Nor is the Court persuaded by Defendant's citation to United States v. Fabrizio, 341 F. Supp. 2d 47 (D. Mass. 2004), and United States v. Hill, 322 F. Supp. 2d 1081 (C.D. Cal. 2004). Hill involved the examination of thousands of images. At issue in this case are but twelve images or movies. And, though Fabrizio involved only 33 images seized from the defendant – still more than double the number at issue here – that case also involved the production of all images that the government's expert, Dr. Farid, used to test his code, which included more than 46,000 images. Fabrizio, 341 F. Supp. 2d at 48.

Moreover, in both cases, unlike here, the government was proposing to make the images and data available in a state other than where the defendant's expert was located. Id. at 49; Hill, 322 F. Supp. 2d at 1092.

Finally, Defendant's second motion appears to be grounded on the assumption that Defendant's expert and counsel were to be permitted one, and only one, viewing of the data and images. That was not this Court's understanding in adopting the stipulated Protective Order, nor does it reflect the government's position. While there are numerous provisions in the stipulated Protective Order regarding the manner and place of the examination, there is nothing which limits either Vestige or Defendant's counsel to a single examination of the information.

For all of these reasons, the Court finds that Defendant has not shown any basis for disregarding the agreement previously reached by the parties and adopted by this Court.

To the extent the stipulated Protective Order may have been silent as to the frequency with which any such examination may take place, the Court shall now clarify its understanding that Defendant's counsel and experts may examine the data and images as often as is reasonably necessary. Such examination(s) may take place, upon 48 hours' advance notice, during normal business hours, either in the ICE office in Ohio designated in the Protective Order, or in St. Louis at a private office that otherwise meets the terms

of set forth in the Protective Order.[1]  Further, the parties shall cooperate with one another to assure that any images are available to Mr. Boland in a format that he can access.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Additional Discovery (Doc. No. 58) is **denied**.

**IT IS FURTHER ORDERED** that the parties shall proceed in good faith to implement the terms of the stipulated Protective Order, as clarified by this Order.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 26th day of October, 2005.

---

[1] Should the government find repeat productions to be inconvenient, it may, of course, elect to produce copies to Defendant, subject to a protective order governing the copying, printing, use, and retention of such copies.